Hawley<br>v.<br>Beeman.

Verdict for defendant, with costs.

*William C. Harrington*, for plaintiff.
*Josias Smith*, for defendant.

— ◉ —

ISAAC SABIN, Appellee,
*against*
LEISTER GROSVNER, Appellant.

THE plaintiff declared in general *assumpsit*, in several counts.

First. For that the defendant being indebted to him in 250 dollars, at *Fairfax*, 24th *July*, A. D. 1797, for work and labour done by himself, servants, and horses, assumed, &c.

Secondly. *Quantum meruit*, for personal services.

Thirdly. *Quantum valebat*, for materials for building.

Fourthly. Money laid out and expended. *Alter et idem*, as to sum, time, and place.

Plea, *non assumpsit*, and issue to the Jury.

Sabin
v.
Grosvner.

The plaintiff stated in his specification, that in the year 1794, he and the defendant agreed to erect a saw-mill at equal proportion of expense, and be held between them in common. That they both assisted in building the mill, but before it was half finished a difficulty arose as to the proportion each had advanced towards the building, which they agreed to snbmit to arbitrators, who, on the 17th of *January*, 1795, awarded *in writing*, that the plaintiff had done more than his proportion of the work, to the amount of 200 dollars, and that he should hold the entire possession of the mill when finished, until he was remunerated in this sum from the profits. That on the next day the plaintiff observed to the defendant, that there was a mistake in the award; that by it he was to have possession of the mill only until he should receive payment for the 200 dollars already expended; but that he understood by the arbitrators, that it was their design to award him possession until he should receive satisfaction for any future expenditures upon the mill which he should be obliged to advance in finishing it, owing to the possible neglects of the defendant. The defendant replied, this is right; and upon the plaintiff's proposing to submit the matter again to the same arbitrators, the defendant said, " There is no occasion. *I here promise you, that if you do more than your half in finishing the mill, I will allow you to have possession of it until you can pay yourself out of the profits.*" The defendant, after this, did nothing towards finishing the mill, but in a few days, to wit, on the 24th of the same *January*, conveyed his moiety to one *Hastings*, who, on the 2d day of the next *February*, sold it to the plaintiff, who soon after finished the mill, and

now brings this suit for moneys advanced, materials, labours, &c. more than his proportion in finishing the mill.

Sabin
v.
Grosvner.

*Harrington*, for the defendant. This is a special agreement, and ought to have been specially declared upon. It cannot be given in evidence under either of the special counts in the declaration.

It is laid down in *Espinasse's Digest*, that it was formerly held, that where there had been a special agreement, plaintiff ought to declare on it; for he should not be allowed to give it in evidence on a general *indebitatus assumpsit;* and there is nothing appears why it is not the practice now, excepting a marginal query by the learned author. Certainly the case of *Knight* v. *Cox*, decided by *Pemberton*, Chief Justice, is in support of the practice, and the same case is cited in *Buller's Nisi Prius*, as illustrative of it. Certainly this ancient rule of law will be highly beneficial in modern practice, and there cannot be a stronger case than the present to show it.

*Esp. Dig.* vol. 1. p. 140.

Vide *Riley's* edit. p. 153.

The plaintiff has declared in several general counts of implied *assumpsit*, and offers by his specification to show in evidence, that he and the defendant contracted to build a mill, which was to be common property, and to be erected at equal expense; that he had advanced 200 dollars in labour, &c. before the structure was half completed; that a dispute arose, which was left to arbitrators, who awarded that sum to him for surplus expenditure, and by a mistake in the written award gave him entire possession of the mill until he should remunerate himself *in this sum* from the profits of it, when the intention of the arbitrators was to give him possession of the mill until

he should be remunerated from the profits, as to all the surplus labour, &c. which he might hereafter do in completing it. That the defendant promised that the plaintiff should have entire possession of the mill until he was remunerated according to the intent of the arbitrators; but in fact no more work was done by the defendant, for he immediately sold his moiety to one *Hastings*, who soon after sold it to the plaintiff. That subsequent to these sales the plaintiff finished the mill.

Now what implied promise can be raised in law from these facts? The defendant to pay his proportion for the labour, &c. in finishing this structure. When I do work on another's building at his request, the law implies a promise in him to pay me a reasonable compensation for my labour; but not so when I labour upon my own property. It seems by the specification, that the parties were ill-assorted partners; that the plaintiff was careful not to advance any sum beyond his precise proportion in the progress of the work. He had obtained an award that our client should pay him 200 dollars for his surplus advances, and had the entire possession of the mill pledged to him, the profits of which were to be a fund for the payment of it; but not content here, he claimed a further possession of the mill with its profits, as a security against any further possible loss. In this state of the business, our client very prudently sold his share in the building to *Hastings*, who took by the purchase all the defendant's right, with all its encumbrances, and soon after the plaintiff purchased the same share of *Hastings*, and took it with all its privileges and encumbrances. The plaintiff now holds a moiety in the mill in his own proper

3

right, founded on the original contract, and the other moiety as derived from the defendant through *Hastings*, with all the duties annexed to it by the original contract.

Sabin
v.
Grosvner.

If any general action of implied *assumpsit* will lie, surely it will not on either of the counts in the declaration. It should have been counted on an *insimul computassent*.

But we contend, that as the work, labour, &c. was done after the plaintiff came into full possession, and had acquired a complete title to the mill, no equitable promise can be implied in him to pay for such labour, &c.

This may be further shown from the nature of the promise actually made. Our client promised, that his moiety of the mill should be further hypothecated to the plaintiff, until, from the profits, he should be remunerated for any failure on the defendant's part to do his proportion in finishing the mill. Has this promise been broken? The plaintiff is in full possession of the pledge. Let him keep it until he is remunerated.

But if this be a special promise, which our client has not kept, can it be shown in evidence under either of the general counts in the declaration? If the plaintiff had declared upon it specially, we could have avoided it by demurrer, or so modified our pleadings, that the real point in dispute might have been submitted to the Court. But we cannot demur to a specification on the record, or answer it by pleading. We have therefore availed ourselves of the only possible mode of avoiding an improper investigation of this special promise set forth in the specification

Sabin
v.
Grosvner.

by this parol demurrer to the evidence proferted by it.

*Curia.* As the Court are at present impressed, the special promise set forth in the specification cannot go to the Jury in support of either of the counts in the declaration; but we are willing to hear arguments for the plaintiff *instanter,* or let a verdict be taken for the defendant, subject to the opinion of the Court upon the rejection of the evidence; or, as the cause is open to review, upon the review the subject may be more deliberately argued and considered than this late hour of the term will admit. However, the plaintiff has his election.

The plaintiff suffered a verdict to be returned against him, and the cause was not reviewed.

*Levi House* and *Amos Marsh,* for plaintiff.
*William C. Harrington* and *Thaddeus Rice,* for defendant.